In Re: Appeal of Margaret L. Amadio from Assessment of Board of Assessment and Revision of Taxes of Clarion County, Pa. Margaret L. Amadio, Appellant.

Argued May 1, 1978, before Judges Mencer, Rogers and DiSalle, sitting as a panel of three.

*Al Lander,* with him *Dom W. Greco,* for appellant.

*Henry Ray Pope, III,* for appellee.

Opinion by Judge DiSalle, July 27, 1978:

This is an appeal from an order of the Court of Common Pleas of Clarion County dated February 7,

1977. The order dismissed the appeal filed by Margaret L. Amadio (Amadio) from a decision by the Board of Assessment and Revision of Taxes of Clarion County (Board), sustaining an occupational assessment levied against Amadio for the tax year 1976. We affirm.

The facts of this case are not in dispute. In 1976, Amadio received notice that she had been classified as "nurse-registered" for purposes of the occupation tax. She appealed this assessment to the Board and received a hearing on the matter on September 9, 1976. Upon consideration of the evidence presented, the Board dismissed Amadio's appeal. She appealed this decision to the lower court under Section 704 of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.704.

The lower court conducted a hearing on Amadio's appeal on November 30, 1976. At this hearing, Amadio conceded that she is a registered nurse. She stated that she performed services in this capacity as well as clerical duties during the afternoon hours in her husband's office, but that at no time was she ever paid wages or other compensation in return for her services. Her testimony also revealed that, on occasion, her husband, Dr. Angelo Amadio, received fees for services which were rendered exclusively by her in her professional capacity.[1] Finally, she stated that although her husband relied on her to come into work daily, he did not employ temporary help when she was sick or took a day off.

In its opinion, the lower court followed the recognized principle that an occupation tax identical for all members of a particular occupation is a valid tax.

---

[1] The example used during the hearing was the occasional administering of injections to patients.

As stated by the Pennsylvania Supreme Court in *Banger's Appeal,* 109 Pa. 79, 95 (1885):

> [I]t will not do to tax one member of a class $100 and another member of the same class $1,000, upon the supposition, or even upon the fact, that the one earns more than the other. An 'occupation' tax is peculiar in its character. It is not a tax upon property, but upon the pursuit which a man follows in order to acquire property and support his family. It is a tax upon income in the sense only that every other tax is a tax upon income; that is to say, it reduces a man's clear income by the precise amount of the tax.

Based on this principle, the court reasoned that the controlling fact in the case was whether Amadio was engaged in the occupation for which she was assessed. In making this determination, the court viewed it to be of no consequence that Amadio voluntarily chose not to receive compensation. The court concluded that Amadio performed services in her husband's office as a registered nurse and was therefore engaged in the occupation for which she was assessed. Based on this conclusion, the court deemed the assessment proper and dismissed Amadio's appeal.

Amadio raises a single, narrow issue on appeal. She contends that the controlling factor here is that she never received any wages or other compensation for her services. In so arguing, she does not dispute the principle that an occupation tax is clearly not an income tax. She contends, however, that absent her receipt of any salary, income or other compensation, it is error to classify her in an occupation.

In support of her position, Amadio relies heavily upon recent case law which has held the assessment of housewives for occupation tax purposes to be invalid. *See Peifer v. Central Dauphin School District,*

70 Pa. D. & C. 2d 35 (1975); *The State College Area School District,* 9 Centre Co. 417 (1974); and *Bigler v. Penn Manor School District,* 63 Lanc. 409 (1972). She contends that the term "occupation" has been defined in the above cases as a pursuit followed by a person in order to acquire property and to receive income or other monetary return in support of a family. Amadio argues that because she has never received wages or other compensation from her husband, she is not engaged in an occupation and, therefore, cannot validly be assessed. We do not agree. Amadio had regular hours in a professional office. Her services as a registered nurse were relied upon by her husband and were of considerable benefit to his practice. Although she was not paid wages or other compensation by her husband, the services she rendered directly resulted in her husband's receipt of professional fees. In this sense we are of the view that Amadio was engaged in a pursuit for the purpose of acquiring property and income or other compensation in support of her family. Any attempted analogy between the assessment of Amadio for occupation tax purposes in this instance and the assessment of housewives in the previously cited cases dissolves upon close examination.[2] Even under the definition proposed by Amadio, it is apparent from a reading of the record that she was engaged in an occupation. We hold that the assessment was proper.

## Order

And Now, this 27th day of July, 1978, the Order of the Court of Common Pleas of Clarion County dated February 7, 1977, at Civil Division Docket No. 635 Term 1976 (106-425) is hereby affirmed and the appeal of Margaret L. Amadio is dismissed.

---

[2] It should be noted that, by our decision today, we are neither approving nor disapproving the holdings in the "housewife" cases.